IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MATTHEW DOFFORD                                                      PLAINTIFF

v.                          Civil No. 6:16-CV-06133-SOH-BAB

JAILER MCELROY and JAIL                                DEFENDANTS
ADMINSTRATOR MORROW

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to prosecute. After careful consideration, the Court makes the following Report and Recommendation.

**1.    BACKGROUND**

Plaintiff filed his Complaint on December 27, 2016. ECF No. 1. On December 27, 2016, the Court entered an Order directing Plaintiff to file a completed IFP application by January 17, 2016. Plaintiff was advised that failure to keep the Court informed of his current address could result in the dismissal of his case. ECF No. 3. This Order was returned as undeliverable on January 11, 2017, indicating there was no inmate by that name in the jail. On April 12, 2017, the Court entered an Order to Show Cause, directing Plaintiff to respond by May 3, 2017. On April 20, 2017, this Order was also returned as undeliverable. A search of the Arkansas Department of Correction does not indicate the residence of any inmate with Plaintiff's last name.

Plaintiff has not communicated with the Court since filing his Complaint and incomplete

1

IFP application on December 27, 2016.

2.  **APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of*

2

*Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.     DISCUSSION**

Plaintiff failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Order, and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.     CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No.1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules, has failed to comply with the Court's Orders, and has failed to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 9th day of June 2017.

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE